UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CURTIS A. NEVA,                                                      CIVIL NO. 15-3677 (JRT/JSM)

      Plaintiff,

v.                                                                                REPORT AND RECOMMENDATION

WELLS FARGO BANK,
ROSE MARIE CAYMO and
SOCIAL SECURITY ADMINISTRATION,

      Defendants.

JANIE S. MAYERON, United States Magistrate Judge

      Plaintiff Curtis A. Neva commenced this action by filing a complaint alleging that defendant Wells Fargo Bank "will not release my money to me" and that defendant Rose Marie Caymo "is a dishonest payee who commited [sic] fraud to get my money from social security." *See* Compl. at 4 [Docket No. 1]. Neva did not pay the filing fee for this action, but instead applied to proceed *in forma pauperis* ("IFP"). *See* Docket No. 2. In an order dated September 23, 2015, this Court noted that Neva's complaint was deficient. *See* Docket No. 4. Rather than recommending dismissal of this lawsuit, however, this Court gave Neva an opportunity to amend his complaint. *Id*. This Court also referred Neva to the Federal Bar Association ("FBA"), which has a panel of volunteer lawyers who can often assist pro se litigants. Neva was given until October 23, 2015 in which to file an amended complaint, failing which the Court would recommend that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

That deadline has now passed, and Neva has not filed an amended complaint. In fact, Neva has not communicated with the Court about this case at all since commencing this action. This Court recognizes that Neva may not have received its previous order, as the order was twice returned to the Court as undeliverable to the address provided by Neva. However, it is Neva's responsibility to keep the Court notified as to any changes in his address. Moreover, Neva has not evinced any desire to continue with the prosecution of this case since filing this action. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Additionally, Neva's complaint may be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B). As previously noted by this Court, the allegations in Neva's complaint are simply too vague to find that a viable claim has been pleaded. It appears that Neva believes the person currently designated as his social security representative payee has misappropriated several thousand dollars from him. But "[i]n alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). "Rule 9(b) requires plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (quoting *Great Plains Trust Co. v. Union Pac. R.R.*, 492 F.3d 986, 995 (8th Cir. 2007)). Neva's allegations of fraud fall well short of that particularity standard; the circumstances of the alleged fraud

go almost entirely unexplained in the complaint.  Moreover, it is not clear from the complaint what wrongdoing Wells Fargo Bank or the Social Security Administration are being alleged to have engaged in, if any.

For those reasons, this Court now recommends that this action be dismissed without prejudice and that Neva's application to proceed IFP be denied.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of plaintiff Curtis A. Neva [Docket No. 2] be DENIED.

Dated:   November 13, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.